***ELECTRONICALLY FILED 1/2/2014 11:44:20 AM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL DISTRICT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

ALEXANDER RODRIGUEZ,

    Plaintiff,

vs.

INTEGON INDEMNITY
CORPORATION, a foreign
corporation,

    Defendant.
_____/

## COMPLAINT

The Plaintiff, ALEXANDER RODRIGUEZ, by and through his undersigned attorney, sues the Defendant, INTEGON INDEMNITY CORPORATION, a foreign corporation, and alleges:

1. This is an action for damages which are in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00), exclusive of costs, interest and attorney's fees.

2. At all times material hereto, the Plaintiff, ALEXANDER RODRIGUEZ, was and is a resident of Pinellas County, Florida.

3. At all times material hereto, the Defendant, INTEGON INDEMNITY CORPORATION, was and is a foreign corporation duly organized and licensed to do business in the State of Florida, including Pinellas County.

4. At all times material hereto, the Defendant, INTEGON INDEMNITY CORPORATION, issued an automobile insurance policy insuring George Monteclaro and Estrella Monteclaro with bodily injury liability coverage for the motor vehicle accident as listed below.

5. On or about October 28, 2010, the Plaintiff, ALEXANDER

RODRIGUEZ was involved in an automobile accident with a motor vehicle owned by George Monteclaro and operated by Estrella Monteclaro.

6. Subsequent to said accident date, the Defendant was notified of the bodily injury sustained by the Plaintiff and said Plaintiff made a claim against the Defendant's insureds, George Monteclaro and Estrella Monteclaro, under the policy as mentioned above.

7. After said notification, the Defendant offered to pay the sum of $100,000.00 to Anthony Rodriguez and said offer was conditioned on the Plaintiff executing a Release of All Claims. A copy of said release is reproduced herein:

Claim Number: 9067181

**FLORIDA BODILY INJURY RELEASE**

FOR AND IN CONSIDERATION OF the sum of One Hundred Thousand and 00/100 and 00/100 Dollars ($100,000), lawful money of the United States of America, receipt of which is hereby acknowledged, the undersigned (hereinafter the "Releasor(s)") do, for myself/ourselves, my/our heirs, spouse, children, wards, executors, administrators, successors, and assigns, hereby release and forever discharge George Monteclaro and Estrella Monteclaro (hereinafter the "Releasee(s)") of and from any and all past, present and future actions, causes of action, claims, demands, damages, costs, loss of service, expenses, compensation, third party actions, suits at law or in equity, including claims, or suits for contribution and/or indemnity, of whatever nature, and all consequential damage on account of, or in any way growing out of any and all known and unknown personal injuries, including all claims for bodily injury and death arising out of the accident that occurred on or about 10/28/2010 at or near Belcher and Bellair Road, Clearwater, Fl.

I/we hereby declare and represent that the injuries sustained may be permanent and progressive and that recovery therefrom is uncertain and indefinite, and in making this release and agreement it is understood and agreed that I/we rely wholly upon my/our own judgment, belief and knowledge of the nature, extent and duration of said injuries, and that I/we have not been influenced to any extent whatever in making this release by any misrepresentations or statements regarding said injuries, or regarding any other matters, made by the persons, firms or corporations who are hereby released, or by any person or persons representing him or them, or by any physician or surgeon by him or them employed. I/we understand that this settlement is the compromise of a doubtful and disputed claim, and that payment is not to be construed as an admission of liability on the part of the person, firms and corporations hereby released by whom liability is expressly denied.

It is expressly agreed that this Release shall in no way be construed as an admission of liability or freedom from liability of any or the party or parties involved in the above-referred to incident and the payment of the said above amount is not an admission of any sort whatsoever.

For purposes of execution of this Release, a facsimile shall be treated same as an original, and a copy of this Release shall be deemed as valid as any original.

Notwithstanding anything herein to the contrary, this release shall not release any health, disability or other insurance carrier or self-insureds from its obligation to provide any personal injury protection coverage, medical payment coverage, uninsured/underinsured motorist coverage, health insurance coverage, major medical insurance coverage, Workers' Compensation benefits/insurance, and/or disability insurance coverage from all claims and demands, rights and causes of action of any kind the undersigned now has or hereafter may have, on account of personal injuries known or unknown to the undersigned arising from the subject accident. It is the intention of the parties to this agreement to release and discharge the Releasee only and to reserve all rights of Releasor to obtain all first party benefits to which Releasor(s) may be entitled.

The parties recognize and acknowledge that the terms of this release are not designed nor intended to resolve all pending claims. The terms of this release are limited to resolve and release all pending claims which exist as to the Releasees. Any and all claims which have not been made, or which exist, as to any other person, corporation, partnership or other legal entity shall not be compromised or extinguished by the terms of this release.

CAUTION! READ BEFORE SIGNING

Each party agrees to bear its own attorneys' fees, costs, interest, and legal expenses from and in connection with the above referenced incident.

This release contains the ENTIRE AGREEMENT between the parties hereto, and the terms of this release are contractual and not a mere recital.

I/we further state that I/we have carefully read the foregoing release and know the contents thereof, and I/we sign the same as my/our own free act.

"ANY PERSON WHO KNOWINGLY AND WITH INTENT TO INJURE, DEFRAUD, OR DECEIVE ANY INSURER FILES A STATEMENT OF CLAIM OR AN APPLICATION CONTAINING ANY FALSE, INCOMPLETE, OR MISLEADING INFORMATION IS GUILTY OF A FELONY OF THE THIRD DEGREE."

_____        _____
Anthony Rodriguez


State of _____)
                                ) SS
County of _____)


On this _____ day of _____, _____, before me personally appeared _____ to me known to be the person(s) described herein, and who executed the foregoing instrument and _____ acknowledged that _____ voluntarily executed the same.

My commission expires _____, _____.

Notary Public

8. The Release of All Claims purported to release all claims, including property damage claims which were still pending, and also purported to release all persons, by Anthony Rodriguez.

9. That, after said notification to the Defendant, the Plaintiff filed suit against George Monteclaro and Estrella Monteclaro and was awarded a Final Judgment in excess of the bodily injury insurance coverage limits which Defendant provided George Monteclaro and Estrella Monteclaro. A copy of the Complaint and Final Judgment are attached as Exhibits "A" and "B".

10. That the policy of bodily injury insurance as mentioned above imposed a duty upon the Defendant to attempt to settle the claim of the Plaintiff within said policy limits, and to make George Monteclaro and Estrella Monteclaro's bodily injury limits available to indemnify George Monteclaro and Estrella Monteclaro for the claims of the Plaintiff.

11. That the Defendant had a duty to properly and adequately investigate the injury claim of the Plaintiff.

12. That the Defendant had a duty to properly and adequately evaluate the injury claim of the Plaintiff.

13. That the Defendant had a duty to properly and adequately negotiate the injury claim of the Plaintiff.

14. That the Defendant had a duty to timely settle the injury claim of the Plaintiff.

15. That the Defendant had a duty to promptly pay the Plaintiff once it had noticed that judgment had been rendered in his favor against the Defendant's insureds, and also had costs levied against

them.

## COUNT I

### COMMON LAW BAD FAITH

16. Plaintiff realleges all allegations contained in paragraphs one through fifteen and further alleges the following:

17. That the Defendant has been guilty of not attempting in good faith to settle the Plaintiff's claim when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for their interests.

18. That the Defendant has been guilty of not attempting in good faith to settle the Plaintiff's claim when it failed to tender the bodily injury limits without unreasonable conditions when it had full and adequate information in its possession which would cause a reasonably prudent person to have settled the claim, and would have avoided an excess judgment of damages, post-judgment interest, and taxable costs in favor of the Plaintiff which are a natural, proximate, and direct consequence of the Defendant's actions.

WHEREFORE, the Plaintiff, ALEXANDER RODRIGUEZ, demands judgment against the Defendant, INTEGON INDEMNITY CORPORATION, a foreign corporation, for an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00), exclusive of costs and interest, and further demands a trial by jury.

**COUNT II**

**STATUTORY BAD FAITH**

19. Plaintiff realleges all allegations contained in paragraphs one through fifteen and further alleges the following:

20. Plaintiff alleges the following in the alternative to Count I:

21. That the Defendant, pursuant to Florida Statutes, Chapter 624.155, did not attempt in good faith to settle the Plaintiff's claim when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insureds and with due regard for their interests.

22. That the Plaintiff has completed all necessary prerequisites to perfect the civil remedy afforded him under Florida Statutes, Section 624.155.

WHEREFORE, the Plaintiff, ALEXANDER RODRIGUEZ, demands judgment against the Defendant, INTEGON INDEMNITY CORPORATION, a foreign corporation, of damages in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00), exclusive of costs, pre-judgment interest, post-judgment interest, and attorney's fees pursuant to Florida Statutes, Section 624.155, and further demands a trial by jury.

_____
Eduardo R. Latour
LATOUR & ASSOCIATES, P.A.
135 East Lemon Street
Tarpon Springs, Florida 34689
727/937-9577
Attorneys for Plaintiff
Fla. Bar No. 279994
SPN 00089188
edlatourpleadings@gmail.com