```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

ALEXANDER RODRIGUEZ,

    Plaintiff,

v.                           Case No. 8:14-cv-292-T-33TBM

INTEGON INDEMNITY CORPORATION,

    Defendant.
_____/

### **ORDER**

This matter comes before the Court in consideration of Defendant Integon Indemnity Corporation's Motion to Dismiss (Doc. # 3) filed on February 5, 2014. Plaintiff Alexander Rodriguez filed a response in opposition to the Motion (Doc. # 5) on February 14, 2014. For the reasons that follow, the Motion is granted in part.

### **I. Background**

This case arises from an October 28, 2010, automobile accident in which a motor vehicle owned by non-parties George and Estrella Monteclaro caused bodily injury to Alexander Rodriguez. (Doc. # 1 at ¶¶ 5-6). At all times relevant to the instant action, Integon insured the Monteclaros with bodily injury liability coverage pursuant to an automobile insurance policy. (Id. at ¶ 4).

After the accident, Alexander Rodriguez made a claim against the Monteclaros, and Integon "offered to pay the sum of $100,000.00 to *Anthony* Rodriguez[,] [which] offer was conditioned on the Plaintiff executing a Release of All Claims." (Id. at ¶¶ 6-7) (emphasis added). The complaint does not allege what response, if any, Alexander Rodriguez provided Integon with regard to this offer and proposed release.

Rodriguez ultimately filed suit against the Monteclaros and was awarded a final judgment in excess of the bodily injury insurance coverage limits. (Id. at ¶ 9). On January 2, 2014, Rodriguez initiated this action against Integon by filing a two-count complaint for "common law bad faith" (Count I) and "statutory bad faith" (Count II). (Doc. # 2). Rodriguez alleges that Integon "has been guilty of not attempting in good faith to settle the Plaintiff's claim when it failed to tender the bodily injury limits without unreasonable conditions when it had full and adequate information in its possession which would cause a reasonably prudent person to have settled the claim . . . ." (Id. at ¶ 18).

On February 5, 2014, Integon removed the action to this Court on the basis of diversity jurisdiction pursuant to 28

U.S.C. § 1332. (Doc. # 1). Also on February 5, 2014, Integon filed the instant Motion to Dismiss. (Doc. # 3). Rodriguez filed a response in opposition to the Motion on February 14, 2014. The Court has reviewed the Motion as well as the response and is otherwise fully advised in the premises.

**II.  Legal Standard**

In reviewing a motion to dismiss for failure to state a claim, a trial court accepts as true all factual allegations in the complaint and construes the facts in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). However, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In Bell Atlantic Corp. v. Twombly, the Supreme Court articulated the standard by which claims should be evaluated on a motion to dismiss:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

550 U.S. 544, 555 (2007) (internal citations omitted).

In accordance with Twombly, Federal Rule of Civil Procedure 8(a) calls "for sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). A plausible claim for relief must include "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The Court notes that the present Motion to Dismiss has not been converted into a motion for summary judgment in accordance with Federal Rule of Civil Procedure 12(c) because the Court has not considered matters outside the pleadings. As explained below, although Integon has appended various attachments to the notice of removal and the Motion to Dismiss, and additionally filed a "supplemental exhibit" in support of the Motion to Dismiss on February 28, 2014 (Doc. # 8), the Court finds a review of such documents unnecessary at this juncture.

### III. Discussion

Within the complaint, Rodriguez asserts two counts against Integon: (1) common law bad faith and (2) statutory bad faith. (Doc. # 2).

4

> A "bad faith" action arises in situations where an insurer has breached its contractual duty of good faith. Specifically, [t]he contractual duty of the insure[r] to defend justifies an implication that the insurer will exercise ordinary care and good faith in so proceeding. Accordingly, when an insurer under such a policy contract undertakes to defend an action against the insured and becomes involved in negotiations for settlement, the law imposes the duty that it act therein in good faith.

<u>Continental Cas. Co. v. City of Jacksonville</u>, 550 F. Supp. 2d 1312, 1335-36 (M.D. Fla. 2007) (internal citations omitted).

"The essence of a 'bad faith' insurance suit (whether it is brought by the insured or by the injured party standing in his place), is that the insurer breached its duty to its insured by failing to properly or promptly defend the claim . . . which results in the insured being exposed to excess judgment." <u>Kelly v. Williams</u>, 411 So. 2d 902, 904 (Fla. 5th DCA 1982).

In its Motion to Dismiss, Integon does not directly argue that the facts within the Complaint fail to state a claim for either common law or statutory bad faith. Instead, Integon argues that any such claim must "fail as a matter of law" because (1) "the plain language of the release proposed by Integon did not include the release of property damage claims," rather, Integon contends that the language of the proposed release "was limited to claims for bodily injury,"

5

and (2) "even if the proposed release could be construed in the manner suggested by [Rodriguez], the subject release was a proposed release." (Doc. # 3 at 1). Thus, Integon presumes that Rodriguez's "bad faith claims are built upon the premise that Integon's proposed release that accompanied its proactive tender of its bodily liability limits required Plaintiff to release potential property damage liability claims and, therefore, placed an unreasonable condition upon Integon's proactive settlement offer." (Id. at 4).

However, in response to the Motion, Rodriguez clarifies that "the main crux of [this action is] not so much that there was a condition of release, but that *Defendant offered to pay someone other than the Plaintiff*." (Doc. # 5 at 1) (emphasis in original). Specifically, Rodriguez explains that "the attachments to the original Complaint in this matter . . . clearly demonstrate that the Defendant offered to pay "Anthony Rodriguez" $100,000.00 in insurance proceeds for the injuries sustained by the Plaintiff, Alexander Rodriguez." (Id. at 2). Accordingly, Rodriguez argues that he has stated a claim for bad faith in light of Integon's "complete failure to timely offer to settle this matter (*whether conditioned upon a release or not*) and to tender payment to Alexander

6

Rodriguez, rather than to the unknown 'Anthony Rodriguez.'" (Id. at 2-3) (emphasis in original).

The role of the Court at this juncture is not to resolve the factual question of whether Integon's alleged actions constitute a bad faith failure to settle Rodriguez's claim. Rather, the Court's inquiry is limited to whether Rodriguez has alleged sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. To that end, the Court finds that the complaint in this case fails to meet the fundamental requirement that a complaint contain sufficient details to provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555. Indeed, the dearth of factual allegations in the complaint surrounding Integon's purported bad faith failure to settle has resulted in a Motion to Dismiss that reflects Integon's confusion as to what Rodriguez characterizes as the "crux" of the bad faith claims in this case – Integon's act of offering the release to "Anthony" rather than "Alexander" Rodriguez. Furthermore, the Court notes that, apart from the date of the October 28, 2010, automobile accident, the complaint contains no information regarding the time frame in which the alleged events transpired, and additionally contains no information

7

regarding Alexander Rodriguez's response, if any, to Integon's proposed release of claims.

The Court therefore grants Integon's Motion to Dismiss to the extent that the Court dismisses Rodriguez's complaint, without prejudice, so that Rodriguez may have an opportunity to amend the complaint and more clearly allege the grounds for the bad faith claim in this case. If Rodriguez intends to file an amended complaint, Rodriguez is directed to do so on or before March 21, 2014.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

Defendant Integon Indemnity Corporation's Motion to Dismiss (Doc. # 3) is granted to the extent that Rodriguez's complaint is dismissed without prejudice and with leave to amend on or before March 21, 2014.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 3rd day of March, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record