```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

ALEXANDER RODRIGUEZ,

    Plaintiff,

v.                           Case No. 8:14-cv-292-T-33TBM

INTEGON INDEMNITY CORPORATION,

    Defendant.
_____/

**ORDER**

This matter comes before the Court in consideration of Defendant Integon Indemnity Corporation's Motion to Dismiss Plaintiff's Amended Complaint (Doc. # 17), filed on April 4, 2014. Plaintiff Alexander Rodriguez filed a response in opposition to the Motion (Doc. # 21) on April 17, 2014. For the reasons that follow, the Motion is denied.

**I.    Background**

This case arises from an October 28, 2010, automobile accident in which a motor vehicle owned by non-parties George and Estrella Monteclaro allegedly caused bodily injury to Alexander Rodriguez. (Doc. # 13 at ¶¶ 5-6). At all times relevant to the instant action, Integon insured the Monteclaros with bodily injury liability coverage pursuant to an automobile insurance policy. (Id. at ¶ 4).

After the accident, Alexander Rodriguez made a claim against the Monteclaros. (Id. at ¶ 6). On November 10, 2010, Integon sent a letter to Rodriguez's counsel offering "$100,000 of bodily injury coverage to settle *Anthony* Rodriguez's claims," and additionally provided a proposed release. (Id. at ¶ 7) (emphasis added). The complaint does not allege what response, if any, Alexander Rodriguez provided Integon with regard to this offer and proposed release.

Rodriguez ultimately filed suit against the Monteclaros and was awarded a final judgment in excess of the bodily injury insurance coverage limits. (Id. at ¶ 13). Rodriguez presently sues Integon for "common law bad faith" (Count I) and "statutory bad faith" (Count II), and alleges that Integon "has been guilty of not attempting in good faith to settle the Plaintiff's claim when it failed to timely tender the bodily injury limits when it had full and adequate information in its possession which would cause a reasonably prudent person to have settled the claim . . . ." (Id. at ¶ 23).

On April 4, 2014, Integon filed the instant Motion to dismiss the operative complaint. (Doc. # 17). Rodriguez filed a response in opposition to the Motion on April 17, 2014. (Doc. # 21). The Court has reviewed the Motion, as

well as the response, and is otherwise fully advised in the premises.

## II. Legal Standard

In reviewing a motion to dismiss for failure to state a claim, a trial court accepts as true all factual allegations in the complaint and construes the facts in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). However, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In Bell Atlantic Corp. v. Twombly, the Supreme Court articulated the standard by which claims should be evaluated on a motion to dismiss:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

550 U.S. 544, 555 (2007) (internal citations omitted).

In accordance with Twombly, Federal Rule of Civil Procedure 8(a) calls "for sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). A plausible claim for relief must include "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The Court notes that the present Motion to Dismiss has not been converted into a motion for summary judgment in accordance with Federal Rule of Civil Procedure 12(d) because the Court has not considered matters outside the pleadings.

## III. Discussion

This is the Court's second evaluation of Rodriguez's bad faith claims through the lens of a motion to dismiss. Integon previously moved to dismiss Rodriguez's original complaint on February 5, 2014, shortly after the removal of this case. (Doc. # 3). Observing that Integon's motion and Rodriguez's response in opposition thereto revealed the parties' confusion regarding the factual basis for Rodriguez's bad faith claims, the Court granted Integon's motion to dismiss to the extent that the Court dismissed Rodriguez's complaint without prejudice and afforded Rodriguez an opportunity to amend his complaint to more clearly allege the grounds for his bad faith claims. The present Motion to Dismiss thus

challenges the sufficiency of Rodriguez's amended complaint, filed on March 21, 2014.

Integon urges the Court to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because "Plaintiff's amended complaint, both for what it alleges and fails to allege, presents an untenable claim for bad faith under Florida law . . . ." (Doc. # 17 at 2). Specifically, Integon argues: (1) "Courts have routinely held that bad faith claims based on a carrier's purported delay in tendering its policy limits fail as a matter of law where the carrier has proactively tendered its policy limits within a reasonable amount of time after being notified of the accident and investigating the claim," (id. at 7); (2) "Plaintiff alleges, at best, what amounts to a claim of negligence against Integon," (id. at 8); and (3) "[t]o find that Plaintiff has stated a claim for bad faith, this Court would essentially have to engage in speculation, i.e., that Plaintiff's counsel responded to Integon's proactive offer to tender its limits by advising Integon of its mistaken reference to 'Anthony Rodriguez' . . . ." (id. at 10).

In response, Rodriguez contends that "the Defendant is alleged to have breached the duty to 'act promptly,' i.e. 'timely' or 'diligently,' with respect to the claim it had

5

before it.  Thus, the issue of proof of such allegations regarding either 'promptly' or 'timely,' and the damages as a result of such alleged conduct, are merely questions of fact and would be improper to decide upon the Motion to Dismiss . . . ." (Doc. # 21 at 3). Plaintiff further states that "the facts as alleged are sufficient to inform the defendant of the nature of the suit brought against it to the point where Defendant should be required to file an Answer to same." (Id.).

While the Court acknowledges Integon's position that bad faith does not lie where an insurer "proactively tenders" the policy limits within "a reasonable amount of time," (Doc. # 17 at 7), as well as Integon's contention that the conduct alleged constitutes negligence rather than bad faith, (id. at 8), the role of the Court at this juncture is not to resolve disputes of fact or law relating to whether Integon's alleged actions or omissions constitute a bad faith failure to settle Rodriguez's claim.  Rather, the Court's inquiry is limited to whether Rodriguez has alleged sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.

To that end, the Court finds the amended complaint sufficient to meet the meager pleading requirements of

6

Federal Rule of Civil Procedure 8(a). As previously explained, although Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," the rule "does not require 'detailed factual allegations.'" Iqbal, 556 U.S. at 678. Rodriguez's amended complaint alleges that the letter sent by Integon to Rodriguez's counsel on November 10, 2010, offered $100,000 of bodily injury coverage to "Anthony Rodriguez" rather than "Alexander Rodriguez," and that, as a result of the "Defendant only offer[ing] to pay someone other than the Plaintiff," Integon "never timely offered to tender its policy limits to the Plaintiff, Alexander Rodriguez." (Doc. # 13 at ¶¶ 7-11). Unlike the previous complaint, which did not provide a sufficient factual basis for Integon to prepare a response addressing what Rodriguez perceived as the "crux" of his claim (Doc. # 5 at 1), the Court finds the amended complaint sufficient to give Integon "fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 545. Indeed, Integon has prepared an extensive legal memorandum focused on the circumstances surrounding Integon's alleged offer of settlement to "Anthony" rather than "Alexander" Rodriguez.

To the extent Integon argues that "the only reasonable inference to be drawn from Plaintiff's limited allegations is

7

that Plaintiff's counsel, apparently paralyzed by the mistaken reference to 'Anthony Rodriguez,' simply ignored Integon's offer to tender its policy limits despite the fact that Integon's offer was addressed to Plaintiff's counsel, referenced the very same accident date involving his client, referenced the insureds allegedly responsible for Plaintiff's injuries, and included a check payable to Plaintiff and his counsel," the Court disagrees. (Doc. # 17 at 11). Integon will have an opportunity to fully brief the Court on the circumstances surrounding its claimed "mistaken reference to Anthony Rodriguez" (id.), the distinction between negligence and bad faith (id. at 8), as well as the reasonableness of the amount of time in which Integon attempted to offer the policy limits after being notified of the accident (id. at 7), at the summary judgment stage. The Court declines to resolve these legal and factual determinations at this procedural juncture.

For the reasons stated above, the Court finds the amended complaint sufficient to withstand Integon's Motion to Dismiss. The Motion is accordingly denied.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

Defendant Integon Indemnity Corporation's Motion to Dismiss Plaintiff's Amended Complaint (Doc. # 17) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 5th day of May, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record